IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WANDA SMITH, individually and as Administratrix of the ESTATE OF THOMAS P. SMITH, JR. Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 25-335-SRF |
| STEFFON DEONDRICK SILVER, SIGNATURE COMPANIES, AMERICAN STAIR & CABINETRY, INC., THE LAMINATE COMPANY | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION[1]

Tyler Sacchetta, SACCHETTA & BALDINO, Wilmington, DE.

    Attorney for Plaintiff.

David Victor Miika Roggio, SILVERMAN MCDONALD & FRIEDMAN, Wilmington, DE.

    Attorney for Defendants.

January 12, 2026
Wilmington, Delaware

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). (D.I. 18)

1

**FALLON, U.S. MAGISTRATE JUDGE:**

Presently before the court in these related cases alleging wrongful death and personal injuries arising from a motor vehicle accident is a motion for leave to file a third-party complaint pursuant to Federal Rule of Civil Procedure 14(a)(2), brought by Defendants, Steffon Deondrick Silver, Signature Companies, American Stair & Cabinetry, Inc., and Laminate Company (collectively, "Defendants"). (D.I. 11)[2] For the following reasons, Defendants' motion for leave to file a third-party complaint is **GRANTED**.

## I.  JURISDICTION

Federal jurisdiction in this case is based upon diversity of citizenship. 28 U.S.C. § 1332. The Plaintiff is a citizen of Maryland. (D.I. 1 at 1) Defendant Silver is a citizen of West Virginia. *Id.* Defendants, Signature Company, American Stair and Cabinetry Inc and The Laminate Company are corporate entities doing business within the State of Virginia. *Id.* The third-party Defendant, Conteh, is citizen of New Jersey. (C.A. No. 24-1017-SRF, D.I. 1 at 5) The instant case alleges claims for wrongful death and personal injuries, therefore, it is reasonably likely that the amount in controversy exceeds $75,000. 28 U.S.C § 1332(b).

## II.  BACKGROUND

### A. Factual Background

Plaintiffs in *Conteh v. Silver et al.*, C.A. No. 24-1017-SRF ("*Conteh*") and *Smith v. Silver et al.*, C.A. No. 25-335-SRF ("*Smith*"), assert personal injury and wrongful death claims arising from a motor vehicle accident that occurred on April 26, 2023.[3] (*Conteh*, D.I. at ¶ 1) On that

---

[2] The briefing associated with these motions can be found at, D.I. 15, D.I. 16, and D.I. 17. The cases were consolidated for purposes of discovery on July 31, 2025. (D.I. 22 in C.A. No. 25-335 and D.I. 23 in C.A. No. 24-1017)

[3] All citations to docket entries refer to the docket in *Smith*, unless otherwise noted.

date, Conteh was pulled over to the side of the Korean War Veterans Memorial Highway when a vehicle operated by Defendant Steffon Deondrick Silver ("Silver") struck his vehicle. (*Id.* at ¶ 11) The decedent, Smith, was a passenger in the vehicle operated by Silver. (*Id.* at ¶ 8) Conteh filed a separate suit for personal injuries as a result of the accident. Plaintiff, Wanda Smith, individually and as Administratix of the estate of Thomas P. Smith Jr. ("Decedent"), asserts wrongful death and survival claims on behalf of Decedent. (*Id.* at ¶ 11)

Smith alleges that at the time of the accident Silver was operating his motor vehicle within the course and scope of his employment for Defendants, Signature Companies, American Stair & Cabinetry, Inc., and/or The Laminate Company. (*Id.* at ¶ 10) Therefore, Smith contends that Silver's employers are vicariously liable for his negligence and are liable for negligent entrustment of the vehicle operated by Silver. (*Id.* at ¶ 36)

### B. Procedural History

On June 17, 2023, Conteh filed suit against Defendants in the Superior Court of the State of Delaware, Case No. N24C-06-148-VLM. (*Conteh*, D.I. 1 at ¶ 1) The case was removed to this District Court on September 6, 2024, on the basis of diversity jurisdiction. (*Id.* at ¶ 17) On March 18, 2025, Smith filed the instant suit in this court, asserting diversity jurisdiction. (D.I. 1) Smith and Conteh are represented by the same law firm, Sacchetta & Baldino.

On November 5, 2024, the parties in *Conteh* consented to the jurisdiction of the undersigned Magistrate Judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (*Conteh*, D.I. 11) On July 21, 2025, the parties in *Smith* consented to the same. (D.I. 18)

The *Smith* complaint alleges negligence against Defendant Silver (Count I); negligence against Defendants Signature Companies, American Stair and Cabinetry, Inc. and The Laminate

3

Company (Count II); negligent entrustment against Defendants Signature Companies, American Stair and Cabinetry, Inc. and The Laminate Company (Count III); vicarious liability against Defendants Signature Companies, American Stair and Cabinetry, Inc. and The Laminate Company (Count IV); wrongful death under 10 *Del. C.* §§ 3721–25 against all Defendants (Count V); Survival Act claims under 10 *Del. C.* §§ 3701–08 against all Defendants (Count VI); and loss of consortium against all Defendants (Count VII). (D.I. 1 at ¶¶ 13–50)

On June 25, 2025, the Defendants filed a motion to consolidate the cases. (D.I. 10) On June 26, 2025, Defendants filed the instant motion for leave to file a third-party complaint, seeking to join Conteh as a third-party Defendant in the *Smith* case. (D.I. 11) On July 30, 2025, the parties indicated in their status report that they agreed to the consolidation of these cases for purposes of discovery. (D.I. 21) Accordingly, on July 31, 2025, the court granted the request, and the cases are consolidated for purposes of discovery. (D.I. 22)

### III.  LEGAL STANDARD

"A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). Rule 14 governs third-party practice and allows any party to "move to strike the third-party claim, to sever it, or to try it separately." Fed. R. Civ. P. 14(a)(4). "Although Rule 14(a) has never expressly provided for a motion to dismiss third-party claims, the federal courts have entertained both motions to dismiss and to strike and have not drawn distinctions between them." *United States ex rel. Wallace & Pancher Constr., Inc. v. Travelers Cas. & Sur. Co. of Am.*, 2013 WL 5874590, at *3 (W.D. Pa. Oct. 31, 2013) (quoting Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1460 (3d ed. 2010)).

The decision to allow a third-party complaint is within the district court's discretion. Fed. R. Civ. P. 14 advisory committee's note to 1963 amendment ("After the third-party defendant is brought in, the court has discretion to strike the third-party claim if it is obviously unmeritorious and can only delay or prejudice the disposition of the plaintiff's claim."). The court's discretion applies not only "where the third-party defendant is brought in without leave, but to all impleaders under the rule." *Id.*; *Hearn v. Oriole Shipping, LLC*, 2018 WL 1509331, at *3 (E.D. Pa. Mar. 27, 2018) ("Although the Third Circuit has never established a standard for considering motions to strike a third-party complaint under Rule 14(a)(4), courts in this District have uniformly recognized the discretion to strike or sever under Rule 14.") (internal quotations and alterations omitted).

## IV.   DISCUSSION

The Defendants in the instant case seek to join Conteh as a third-party Defendant so that they may assert claims for contribution and/or indemnification against him. (D.I. 11 at 6) In other words, Defendants seek to hold Conteh liable as a joint tortfeasor whose alleged negligence contributed to the accident so that the factfinder may apportion liability among the Defendants. *Hayfield v. Home Depot U.S.A., Inc.*, 168 F. Supp. 2d 436, 451 (E.D. Pa. 2001) (holding, "[i]f Defendants are treated as joint actors, they will be "jointly and severally liable" to the Plaintiff for her injuries.")

Conteh opposes being added as a third party to the instant case on the basis of futility and prejudice. (D.I. 15 at 4) Conteh's arguments are based solely on his view of the merits of the claims. (*Id.*) That is, Conteh disputes that he could be found negligent based on his view of the facts of the accident. Conteh contends he was safely stopped on the shoulder of the roadway when his vehicle was rear-ended by Silver's vehicle. (*Id.* at 3)

On a motion to add a third-party defendant, the court cannot resolve disputed issues of fact concerning any party's alleged negligence which is an issue reserved for the factfinder. *Pennyslvania Nurses Ass'n v. Com. of Pa.*, 1988 WL 235679 at *1 (M.D. Pa. July 18, 1988) (holding, "…the court should not consider the merits of the claim or defense of the person to be added in deciding the motion."). Therefore, the court finds that the motion to add Conteh as a third-party Defendant should be granted so that the factfinder can determine whether Silver and Conteh were jointly and/or severally negligent in causing the motor vehicle accident in issue.

Furthermore, the court finds no prejudice to Conteh as he is already participating in discovery relevant to the claims in these related cases. Moreover, it is an efficient use of the parties' and the court's resources to have the liability issues addressed in the same case to avoid delay and the potential for inconsistent verdicts in the related cases.

## V.     CONCLUSION

Based on the foregoing reasons, the Defendant's motion for leave to file a third-party complaint is **GRANTED**.  Defendants shall file their third-party complaint on or before January 22, 2026.

An Order accompanying this Opinion shall issue.