## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WANDA SMITH, individually and as Administratrix of the ESTATE OF THOMAS P. SMITH, JR. Deceased, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 25-335-SRF |
| | ) | |
| STEFFON DEONDRICK SILVER, SIGNATURE COMPANIES, AMERICAN STAIR & CABINETRY, INC., THE LAMINATE COMPANY | ) ) ) ) | |
| | ) | |
| Defendants/Third Party Plaintiffs | ) ) | |
| v. | ) | |
| | ) | |
| ALIE CONTEH, | ) | |
| | ) | |
| Third-Party Defendant | ) ) | |

## MEMORANDUM OPINION[1]

Tyler Sacchetta, SACCHETTA & BALDINO, Wilmington, DE; -- Attorneys for Plaintiff and Third-Party Defendant

David Victor Miika Roggio, SILVERMAN MCDONALD & FRIEDMAN, Wilmington, DE; -- Attorneys for Defendants/Third Party Plaintiffs

January 23, 2026
Wilmington, Delaware

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). (D.I. 18)

FALLON, U.S. MAGISTRATE JUDGE:

Pending before the court is the Motion filed by the Defendants, Steffon Deondrick Silver, Signature Companies, American Stair & Cabinetry, Inc., and The Laminate Company (collectively, "Defendants") for partial dismissal only as to those claims against Defendant, the Laminate Company, alleged in the complaint brought by the Plaintiff, Wanda Smith, individually, and as Administratrix of the estate of Thomas P. Smith, Jr., ("Decedent") alleging wrongful death and survival claims arising from a motor vehicle accident. (D.I. 29)[2] For the following reasons, the court **DENIES** the Defendants' motion without prejudice.

### I. BACKGROUND

Plaintiff filed this suit on March 8, 2025, alleging wrongful death and survival claims due to fatal injuries suffered by the Decedent in a motor vehicle accident that occurred on April 26, 2023, on Korean War Veterans Memorial Highway in Delaware. (D.I. 1 at ¶¶ 7-11) At the time of the accident, Decedent was a passenger in the vehicle operated by Defendant, Silver, which collided with a vehicle operated by the Third-Party Defendant, Alie Conteh.[3] (D.I. 38 at ¶¶ 18-24)

The complaint alleges that the Defendant, Silver, operated the truck while in the course and scope of his employment for Defendants, Signature Companies, American Stair & Cabinetry, Inc., and/or The Laminate Company. (D.I. 1at ¶ 10) Defendants filed an Answer to the Complaint on May 22, 2025, asserting, among other affirmative defenses, that the claims are barred by Workers' Compensation exclusivity. (D.I. 8 at 10) That is, Defendants contend that

---

[2] The briefing associated with this motion can be found at, D.I. 29, D.I. 30, and D.I. 31.
[3] On January 12, 2026, the court granted Defendants' motion for Leave to File a Third-Party Complaint against Alie Conteh. (D.I. 38) The third-party complaint was filed on January 22, 2026. (D.I. 38)

the Plaintiff made a Workers' Compensation claim under Maryland law for benefits associated with Thomas Smith Jr.'s death resulting from the accident in issue which occurred in the course and scope of his employment. (D.I. 29 at 3-5)  Therefore, Defendants contend the Plaintiff is barred from pursuing the instant suit for damages arising from the same accident.  (D.I. 8, Ex. A; D.I. 29, Ex. B)

The Defendants filed this motion on October 20, 2025, seeking dismissal of all claims asserted only against Defendant, the Laminate Company, arguing that they are barred by worker's compensation exclusivity.  (D.I. 29 at 4)  In support of their motion, Defendants rely primarily on Exhibit A to their Answer, which includes the settlement agreement executed by the Plaintiff resolving her claim for workers' compensation medical and death benefits.  (D.I. 8, Ex. A at 5; D.I. 29, Ex. B)[4]

## II. LEGAL STANDARD

Defendants do not identify the Federal Rule of Civil Procedure or the applicable legal standard for resolving the pending motion. Because Defendants assert an argument that relies upon material in their Answer to the Complaint and the Workers' Compensation Settlement Agreement attached as an exhibit, the court will treat the pending motion as one for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed – but early enough not to delay trial." Fed. R. Civ. P. 12(c).  The movant will not prevail unless it is clearly established that "no material issue of fact

---

[4] Defendants' exhibit A, to their Answer  (D.I. 8),  consists of four individual documents: (1) Plaintiff's affidavit in support of settlement; (2) the settlement worksheet; (3) the settlement agreement; and (4) the Order of the Maryland Workers' Compensation Commission.

remains to be resolved and that [the movant] is entitled to judgment as a matter of

law." *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290-91 (3d Cir. 1988). Because a

Rule 12(c) motion is analyzed under the same standards that apply to a Rule 12(b)(6) motion, the

court must "view the facts presented in the pleadings and the inferences to be drawn therefrom in

the light most favorable to the non-moving party." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221

(3d Cir. 2008). "The purpose of judgment on the pleadings is to dispose of claims where the

material facts are undisputed and judgment can be entered on the competing pleadings and

exhibits thereto, and documents incorporated by reference." *Venetec Int'l, Inc. v. Nexus Med.,*

*LLC*, 541 F. Supp. 2d 612, 617 (D. Del. 2008).

### III. DISCUSSION

Defendants' sole argument in its opening brief is that "The Laminate Co. Inc.", named as

Decedent's employer in the settlement agreement, refers to the named Defendant, the Laminate

Company, therefore, Plaintiff's claims against it are barred by workers' compensation

exclusivity. (D.I. 29 at 3-5) Plaintiff disputes that The Laminate Company and Laminate Co.,

Inc. are one and the same entity as demonstrated by the Virginia certificate or incorporation for

the named Defendant, the Laminate Company, attached as exhibit B to Plaintiff's answering

brief. (D.I. 30, Ex. B)

The pleadings do not address the corporate relationship, if any, between The Laminate

Company and Laminate Co., Inc. Moreover, there is nothing the Defendants can point to in the

record before the court addressing whether or how the companies are related, whether they are

the same, or whether a misidentification occurred. Therefore, a dispute of fact exists with

respect to the correct identity of the Decedent's employer that cannot be resolved at the motion to

dismiss stage. *See Bedoya v. Am. Eagle Express, Inc.,* 914 F.3d 812, 816 n.2 (3d Cir. 2019)

4

("Judgment [on the pleadings] will not be granted unless the movant clearly establishes there are no material issues of fact, and he is entitled to judgment as a matter of law." (internal quotation marks omitted)).

In their reply brief, Defendants attempt to assert an additional argument that Plaintiff's claims against the Laminate Company are barred by the release. (D.I. 31 at 3)  The Defendants contend that the language in the Settlement Agreement indisputably includes the Laminate Company within the definition of "Released Parties" based upon the following:

> This Agreement ... between WANDA LENIECE SMITH ("Claimant") ... and LAMINATE CO. INC., the Employer ... [Employer's Insurers and Third-Party Administrator] (Laminate Co., Inc., all "Laminate" Companies ... with all affiliated entities, predecessors and successors, insurers, their employees, owners, directors and representatives shall be referred to as the "Released Parties" for purposes of the release identified herein regardless of whether an entity's name is identified precisely accurately. Released Parties shall be construed to include the employer of the Decedent and all possible insurers of the Employer regardless of whether named herein) under the Workers' Compensation Law of Maryland.

(D.I. 29, Ex. B at 16; D.I. 31 at 3) Defendants' decision to reserve this argument for their reply brief deprived Plaintiff of the opportunity to respond to it.  The law in this district is clear that arguments raised for the first time in a reply brief are improper and will not be considered. D. Del LR 7.1.3(c)(2); *see In re Niaspan Antitrust Litig.*, 67 F.4th 118, 135 (3d Cir. 2023) ("Arguments raised for the first time before a district court in a reply brief are deemed forfeited.")

## IV. CONCLUSION

Based on the foregoing reasons, the Defendants' motion for partial dismissal is DENIED without prejudice. An Order consistent with this Memorandum Opinion shall issue.